### VOSBEIN v. JUNOT.*
#### No. 16219.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

Loÿs Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Thos. J. Dobbins, of New Orleans, for appellee.

JANVIER, Judge.

Hubert G. Vosbein and Earl J. Junot were formerly partners in the bicycle repair business in this city. During the year 1932 they dissolved the partnership by written agreement, which we find in the record. Vosbein alleges that this dissolution agreement was dated November 15, 1932, but Junot disputes the correctness of this date. The document itself apparently originally bore the date of December 27, 1932, but the figures

*Rehearing denied May 4, 1936.

"27" have been changed to read "15." The date, however, is unimportant.

Vosbein alleges that Junot has violated certain stipulations contained in the said agreement of dissolution and that, consequently, he, Vosbein, has been damaged in the sum of $294.65, and he seeks judgment for this amount against Junot.

The claim consists of three items:

First: It is alleged that, in spite of the fact that all accounts receivable due to the said partnership were transferred by the written agreement to Vosbein, the said Junot has collected on the said accounts the sum of $49.65.

Second: It is alleged that, although Junot assumed full responsibility for the lease of the premises in which the business was conducted, Vosbein was compelled to pay rent amounting to $130. He alleges that he is entitled to the return of this sum, together with attorney's fees of $15.

Third: It is alleged that, although Junot, in the written agreement, assumed liability for certain outstanding notes held by the Gulf Supply Company, Vosbein was compelled to pay four of the said notes, totaling $100.

Junot filed a peculiar answer in which he denied every allegation of the petition "except insofar as it coincides with the facts, * * *" and, by reconventional demand, he claimed from Vosbein the sum of $87.50, alleging that the said Vosbein sold an automobile truck formerly belonging to the partnership and received $175 therefor.

In the court below there was judgment in favor of Vosbein for the sum of $100, the court being of the opinion that Vosbein had paid the four notes referred to totaling that sum. The claim was dismissed in so far as the other items were concerned and the demand of plaintiff in reconvention was rejected. Defendant has appealed. Plaintiff has not answered the appeal.

 In his brief counsel for defendant states that the judgment, in so far as it has condemned defendant to pay $100, the amount paid by Vosbein on the notes, is correct, but he complains that judgment in reconvention should have been rendered for $87.50. So far as the other items of plaintiff's claim are concerned, the evidence obviously does not support them. Furthermore, there is no answer to the appeal, so they cannot be considered.

 The evidence as to the sale of the truck is most confusing and conflicting, but by no stretch of the imagination can it be said that it confirms defendant's tale that the automobile belonged to the partnership and was sold by Vosbein. Manifestly, the judgment on that portion of the controversy also is not incorrect.

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.

Affirmed.